**BLACKWELL LAW OFFICE, PLLC**
111 W. Monroe St.
Suite 1216
Phoenix, AZ 85003
Tel: (602) 441-2725
Fax: (602) 865-1527
State Bar No. 023588
Jocquese@azjustice.com
Jocquese L. Blackwell
Attorney for Plaintiff

# IN THE U.S. DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Martha Winkler a single woman,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Phoenix, a public entity; Officer Jason Gillespie individually and in his official capacity as a police officer for Phoenix Police;<br><br>Defendants. | Case No. CV-15-01786-PGR<br><br>**2ND AMENDED COMPLAINT**<br><br>**TORT – NEGLIGENCE, EXCESSIVE USE OF FORCE AND VIOLATIONS OF CIVIL RIGHTS AND DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, for her complaint, alleges and states the following:

**COMPLAINT**

Plaintiff Martha Winkler, for her Complaint against Defendants, hereby allege as follows:

**JURISDICTION & VENUE**

1. Plaintiff brings this action pursuant to A.R.S. § 13-3881 *et seq.*, EXCESSIVE USE OF FORCE; 42 U.S.C. § 1983; the Fourth, and Fourteenth Amendments of the United States Constitution; and pendent state common law and statutory laws.

2. Plaintiff has satisfied the provisions of A.R.S. §12-821.01 by serving upon Defendants a notice of claim. Pursuant to A.R.S. §12-821.01(E), the claim is deemed denied because more than sixty days have elapsed without response since the date of

service.

3. This court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1988. Additionally, this court has jurisdiction over Plaintiffs' state and federal claims pursuant to Article 6, §14 of the Arizona Constitution.

4. Venue is proper in this court pursuant to A.R.S. §12-401, as the defendants are residents of Maricopa County, Arizona and the events underlying this lawsuit occurred in Maricopa County.

### Parties

5. Plaintiffs re-allege and incorporate, by reference, their claims, facts, and allegations in the paragraphs above, as set forth fully herein.

6. At all times mentioned herein, defendant Jason Gillespie ("Officer Gillespie") was an agent and employee of Phoenix Police Department. He is being sued individually and in his official capacity as a Police Officer for Phoenix Police Department.

7. Plaintiffs will amend the Complaint to name the unidentified individuals once the identities; acts, omissions, roles and responsibilities of such Defendants are learned through discovery.

### FACTUAL BASIS OF CLAIM

### Introduction

8. Plaintiffs re-allege and incorporate by reference the claim, facts, and allegations in the paragraphs above, as if set forth fully herein.

9. On July 16, 2014, Martha Winkler, age 56 was a single grandmother. Martha lived alone and occasionally received domestic help from her daughter and son-in-law who live in the area. Martha does not drink alcohol or use drugs. Martha by nature is a very out-going, personable, kind, perpetually optimistic person, and friendly lady. She is a "lover of life" and is expected to make a good witness on her own behalf.

10. On the day in question Martha drove to a Circle K store located at the S.E. corner of Bethany Home Road and 7th Street. Martha intended to buy $3 worth of lottery tickets, but the store clerk incorrectly took Martha's order. After thinking that the Store clerks were taking advantage of her and would-be customers Martha attempted to speak with the off-site manager via telephone. The off-site manager refused to help Martha so she called 911 for assistance. Martha waited for over an hour for police assistance.

11. Officer Gillespie responded to Martha 911 call. However, upon arrival, Officer Gillespie seemed irritated and loudly shouted at Martha "what's this all about?" Surprised by Officer Gillespie's upset demeanor, Martha was silent and confused due to the fact that she placed the call for help. Officer Gillespie asked for Martha's identification, she complied and then he walked into the store.

12. After a very short period Officer Gillespie exited the store and began screaming at Martha for calling 911 "ten times." Feeling threatened, Martha never raised her voice, cursed or physically or verbally threatened the Officer Gillespie. However, Martha did ask for Officer Gillespie to call his supervisor. When Officer Gillespie refused to call his supervisor Martha told Officer Gillespie she was going to call 911.

13. Officer Gillespie approached Martha in an aggressive manner, which caused her to back up. Martha kept her hands out and up in front of her to show the officer that except for her cell phone, she was not armed with any weapons. Martha was in fear that Officer Gillespie was going to arrest her however, she rebuffed Officer Gillespie's allegation stating she was not trespassed by the store employees. She also stated she was customer that purchased lottery tickets. Officer Gillespie asked Martha to put down her cell phone presumably because she was trying to record the altercation.

## Damages

14. Without any notice Officer Gillespie grabbed Martha and violently twisted her arms behind her back. Martha's last memory is of Officer Gillespie pushing her forward.

15. Upon waking up in the Hospital, Martha was told she had been a victim of an assault.

16. Due to Officer Gillespie's actions, Martha presented to the hospital with the following injuries, a 2.5 cm laceration on her upper right forehead at and slightly above the hairline. She received eight (8) sutures of 5-0 prolene were used to close the wound. She also had an abrasion on her right check, closer to her right ear than midline. A CAT scan of Marti's head showed a right orbital fracture (right eye socket structure) and a right occipital skull fracture (lowest rear and to the right skull plate). The CAT scan of Marti's head also objectively showed the presence of bilateral nasal fractures.

17. The CAT of Martha's head confirmed that she also had "an acute presence of a subdural hematoma" in the front lobe area.

BLACKWELL LAW OFFICE, PLLC
111 W. Monroe St., Suite 1216
PHOENIX, AZ 85003

18.     Martha, suffered a total of four (4) different fractures to her skull.

19.     Due to this incident Martha suffers from bouts of depression, suicidal thoughts and paranoia.

## FIRST CLAIM FOR RELIEF
### Gross Negligence—City of Phoenix

20.     Plaintiff re-allege and incorporate by reference the claims, facts and allegations in the paragraphs above as if set forth fully herein.

21.     Officer Gillespie is an employee of the City of Phoenix who did negligently willfully and with a wanton and reckless disregard for Martha's safety, and with full knowledge that by his conduct, the City of Phoenix exposed Martha to serious harm and Officer Gillespie wantonly and recklessly disregarded the probability of consequences to Martha of his conduct. By reason of the assault by a City of Phoenix employee, and as a direct and proximate result of such assault, Martha sustained serious and permanent bodily injuries, and suffered and will forever suffer great mental and physical pain.

22.     As a further direct and proximate result of the assault by Officer Gillespie, an employee of defendant City of Phoenix, Martha has and will continue to incur expenses for medical care and treatment and has lost income and has had his earning capacity permanently impaired.

## SECOND CLAIM FOR RELIEF
### The City of Phoenix Violated 42 U.S.C. § 1983 for its Unconstitutional Policies, Customs, and Failure to Properly Screen, Hire, Train, Retain, and Supervise its Officers

23.     Plaintiff re-allege and incorporate by reference the claims, facts and allegations in the paragraphs above as if set forth fully herein.

24.     The City of Phoenix, in its individual capacity, was responsible for the training, supervision or control of Officer Gillespie.

25.     The City of Phoenix had independent knowledge of Officer Gillespie's prior history - specifically, that Officer Gillespie has a history of neglecting his duties and displaying belligerent attitudes towards victims of crimes and other citizens.

26.     Despite knowledge of Officer Gillespie's propensity to become aggressive with citizens and neglecting his duties, defendant City of Phoenix kept Officer Gillespie on duty without adequate supervision that, in essence, caused repetition of his violent

propensity to employ of excessive force causing Martha's injuries.

27. The City of Phoenix showed deliberate indifference by placing Officer Gillespie in a position within which his conduct could lead to excessive force, and thus provided inadequate supervision that resulted in Martha's injuries.

28. The City of Phoenix with knowledge of his prior professional history, negligently controlled Officer Gillespie by placing him on duty, and thereby created the dangerous conditions that resulted in Martha's injuries.

### THIRD CLAIM FOR RELIEF
(Officer Gillespie Violated Ms. Castillo's Right Under the Fourth Amendment and 42 U.S.C § 1983 to be Free From Unlawful Search and Seizures)

29. Plaintiff re-allege and incorporate by reference the claims, facts and allegations in the paragraphs above as if set forth fully herein.

30. Plaintiff's action is brought pursuant to 42 U.S.C. 1983, and the Fourth Amendments of the United States Constitution.

31. On or about July 16, 2014, Martha possessed the right, guaranteed by the Fourth Amendment of the United States Constitution, to be free from unreasonable seizures and excessive use of force by police officers. Defendant, Officer Gillespie without probable cause or the consent of plaintiff, and without a duly authorized arrest warrant, arrested Martha, slammed her hard to the concrete ground, assaulted and battered Martha's body, wrists, head and face and used excessive force. Officer Gillespie arrested Martha without probable cause on a fabricated charge of trespassing.

32. Before Assaulting Martha, Officer Gillespie alleged in his police report that the clerks working at Circle K wanted her trespassed. This statement is untrue. In reality, Martha's was the only one to call to police for assistance. Moreover, for over forty minutes while waiting for a responding officer, Martha was allowed to wait inside the store. Thus, Martha did not violate any laws. Furthermore, upon the arrival of Officer Gillespie, Martha did not attempt to interfere with his execution of his duties, and was not engaged in any assaultive behavior toward Officer Gillespie or any other person or persons.

33. Officer Gillespie acted specifically with the intent to deprive Martha of the following rights under the United States Constitution:

    a) Freedom from unreasonable seizures, in the form of excessive use of

force by police officers,

      b) Freedom from a deprivation of liberty without due process of law;

34. Officer Gillespie, subjected Martha to the aforementioned deprivations with either actual malice or with deliberate indifference to the violation of Martha's constitutional rights.

35. As a direct and proximate result of the aforementioned acts of defendants, and each of them, Martha Winkler suffered injuries to her wrists, body, head, and face and person, and was illegally arrested on a fabricated charge.

36. The aforementioned acts of the Officer Gillespie were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to each of these individual defendants.

## FOURTH CLAIM FOR RELIEF
**Officer Gillespie Violated Ms. Castillo's Rights under the Fourth Amendment and 42 U.S.C. §1983 to be Free from the Unreasonable Use of Force**

37. Plaintiff re-allege and incorporate by reference the claims, facts and allegations in the paragraphs above as if set forth fully herein.

38. Officer Gillespie owed a duty to Martha to act as a reasonable and prudent law enforcement officer, he breached that duty as set forth above, and as a result of that breach caused personal injury and damage to Marti

39. Officer Gillespie's use of force was objectively unreasonable given the circumstances and facts.

40. The nature of these actions was so extreme and outrageous that an award of punitive damages is warranted.

41. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## JURY TRIAL

42. Plaintiffs hereby request and demand a trial by jury.

## PRAYER FOR RELIEF

BLACKWELL LAW OFFICE, PLLC
111 W. Monroe St., Suite 1216
PHOENIX, AZ 85003

WHEREFORE, Plaintiffs pray for damages for judgment against Defendants as follows:

a) General damages in an amount to be proven at trial, as to the causes of action, claims, and theories of relief alleged herein;

b) Punitive damages in an amount deemed just and reasonable against Defendants, Gillespie as to the causes of action, claims, and theories of relief alleged herein;

c) Costs and attorneys' fees against all Defendants as to the causes of action, claims, and theories of relief alleged herein under the Constitution and laws of the United States, pursuant to 42 U.S.C. §1988;

d) Economic and non-economic damages for Ms. Martha Winkler pursuant to applicable Arizona and federal law;

f) Litigation costs;

g) All remedies provided by 42 U.S.C. § 1983; and

h) Such other and further relief, which may seem just and reasonable under the circumstances.

RESPECTFULLY SUBMITTED this 13th day of October 2015.

BLACKWELL LAW OFFICE, PLLC

By: _____
JOCQUESE L. BLACKWELL
111 W. Monroe St.
Suite 1216
Phoenix, AZ 85003
Attorney for Plaintiff