Kathleen L. Wieneke, Bar #011139
Jacob B. Lee, Bar #030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1699
kwieneke@swlfirm.com
jlee@swlfirm.com

Attorneys for Defendants
City of Phoenix and Officer Jason Gillespie

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Martha Winkler, a single woman,<br><br>                                              Plaintiff,<br><br>v.<br><br>City Of Phoenix, a public entity, et al.,<br><br>                                              Defendants. | NO. CV-15-01786-PHX-PGR<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT (Doc. #12)** |

For their Answer to Plaintiff's Second Amended Complaint ("SAC"), Defendants City of Phoenix ("City") and Officer Jason Gillespie ("Officer Gillespie") (collectively, "Defendants") admit, deny, and allege as follows. Defendants deny each and every, all and singular, of the allegations in the SAC that are not hereinafter expressly admitted or otherwise pled to.

## JURISDICTION & VENUE

1. Paragraph 1 of Plaintiff's SAC does not state an allegation against Defendants and/or calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

2. In answering paragraph 2 of Plaintiff's SAC, Defendants admit only that Plaintiff served a Notice of Claim on the City on January 12, 2015, and that such claim is deemed denied pursuant to A.R.S. § 12-821.01(E).  In so admitting, however, Defendants make no admissions regarding the Notice's compliance with A.R.S. § 12-821.01, or the

viability of Plaintiff's claims, both of which are expressly denied. Defendants affirmatively allege that Plaintiff has failed to comply with A.R.S. § 12-821.01 with regard to Officer Gillespie.

3. In answering paragraph 3 of Plaintiff's SAC, Defendants admit that this Court has jurisdiction over Plaintiff's state and federal law claims. In so admitting, however, Defendants make no admissions regarding the viability of Plaintiff's claims, which is expressly denied.

4. In answering paragraph 4 of Plaintiff's SAC, Defendants admit the allegations contained therein. In so admitting, however, Defendants make no admissions regarding the viability of Plaintiff's claims, which is expressly denied.

**PARTIES**

5. In answering paragraph 5 of Plaintiff's SAC, Defendants reallege and incorporate the allegations in response to paragraphs 1-4 as though fully set forth herein.

6. In answering paragraph 6 of Plaintiff's SAC, Defendants admit only that Officer Gillespie was an employee of the City of Phoenix and an officer in the Phoenix Police Department at the time of the incident alleged in Plaintiff's SAC. Defendants affirmatively allege that the City of Phoenix is a municipal corporation organized and existing under the laws of the State of Arizona and therefore entitled to all of the privileges and immunities granted therein, and that the Phoenix Police Department is an agency of the City of Phoenix organized and existing under the laws of the State of Arizona. The remaining allegations in Paragraph 6 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the same.

7. Paragraph 7 of Plaintiff's SAC does not state an allegation against Defendants and/or calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

/ / /

3110849

## **FACTUAL BASIS OF CLAIM**

### **Introduction**

8. In answering paragraph 8 of Plaintiff's SAC, Defendants reallege and incorporate the allegations in response to paragraphs 1-7 as though fully set forth herein.

9. Paragraph 9 of Plaintiff's SAC does not state an allegation against Defendants, such that no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

10. Paragraph 10 of Plaintiff's SAC does not state an allegation against Defendants, such that no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

11. In answering paragraph 11 of Plaintiff's SAC, Defendants admit only that Defendant Gillespie responded to the Circle K at the corner of Bethany Home Road and Seventh Street in Phoenix in response to various calls, including Plaintiff's 911 calls. Defendants deny the remaining allegations in Paragraph 11.

12. In answering paragraph 12 of Plaintiff's SAC, Defendants deny the allegations contained therein.

13. In answering paragraph 13 of Plaintiff's SAC, Defendants deny the allegations contained therein.

### **Damages**

14. In answering paragraph 14 of Plaintiff's SAC, Defendants deny the allegations contained therein.

15. Paragraph 15 of Plaintiff's SAC does not state an allegation against Defendants, such that no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

16. In answering paragraph 16 of Plaintiff's SAC, Defendants deny the allegations contained therein.

17. Paragraph 17 of Plaintiff's SAC does not state an allegation against Defendants, such that no response is required. To the extent a response is required,

Defendants deny the allegations contained therein.

18. Paragraph 18 of Plaintiff's SAC does not state an allegation against Defendants, such that no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

19. Paragraph 19 of Plaintiff's SAC does not state an allegation against Defendants, such that no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

## FIRST CLAIM FOR RELIEF

### Gross Negligence—City of Phoenix

20. In answering paragraph 20 of Plaintiff's SAC, Defendants reallege and incorporate the allegations in response to paragraphs 1-19 as though fully set forth herein.

21. In answering paragraph 21 of Plaintiff's SAC, Defendants admit only that Officer Gillespie was an employee of the City of Phoenix at the time of the incident alleged in Plaintiff's SAC. Defendants deny the remaining allegations in Paragraph 21.

22. In answering paragraph 22 of Plaintiff's SAC, Defendants admit only that Officer Gillespie was an employee of the City of Phoenix at the time of the incident alleged in Plaintiff's SAC. Defendants deny the remaining allegations in Paragraph 22.

## FOURTH CLAIM FOR RELIEF[1]

### Officer Gillespie Violated Ms. Castillo's [sic] Rights under the Fourth Amendment and 42 U.S.C. § 1983 to be Free from the Unreasonable Use of Force

37. In answering paragraph 37 of Plaintiff's SAC, Defendants reallege and incorporate the allegations in response to paragraphs 1-22 as though fully set forth herein.

38. In answering paragraph 38 of Plaintiff's SAC, Defendants deny the allegations contained therein.

39. In answering paragraph 39 of Plaintiff's SAC, Defendants deny the

---

[1] Defendants filed a Motion to Dismiss the Second and Third Claims for Relief concurrently with this Answer.

4

allegations contained therein.

40. In answering paragraph 40 of Plaintiff's SAC, Defendants deny the allegations contained therein.

41. In answering paragraph 41 of Plaintiff's SAC, Defendants deny the allegations contained therein.

## JURY TRIAL

42. Defendants also request a trial by jury.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any and all relief requested in Plaintiff's Request for Relief.

## AFFIRMATIVE DEFENSES

Defendants set forth the following defenses as separate and alternative defenses to Plaintiff's Second Amended Complaint ("SAC"). Some of the defenses outlined below are true affirmative defenses (on which Defendants would bear the burden of proof). Other defenses are outlined for the purpose of placing Plaintiff on notice of the legal defenses Defendants will assert for the purpose of allowing Plaintiff to fully evaluate her claims, as this relates to any future request by Defendants for attorneys' fees for any claim that is subject to dismissal by the Court:

1. Plaintiff's SAC, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff failed to comply with A.R.S. § 12-821.01, the Notice of Claim statute, specifically as it relates to service on Officer Gillespie, such that Plaintiff is precluded from alleging any state law claims against Officer Gillespie in his capacity as a Phoenix Police Officer.

3. Plaintiff may have failed to comply with A.R.S. § 12-821.01, the Notice of Claim statute, specifically as it relates to the facts supporting the damages claims. Whether or not Plaintiff possessed additional facts that should have been included will only be determined through the discovery process.

5

4. Plaintiff has failed to comply with A.R.S. § 12-821.01, the Notice of Claim statute, with regard to any fictitious or "unidentified individuals" referenced in the SAC, such that Plaintiff is precluded from alleging any state law claims against such individuals in their capacities as City employees.

5. Defendants are entitled to all privileges and immunities afforded to governmental employees and/or entities under state and federal law, including, but not limited to, those privileges and immunities provided in A.R.S. § 12-820, et seq. and qualified immunity as defined in *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (overruled on other grounds by *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

6. At all times set forth in the SAC, Defendants were acting reasonably, in good faith, without malice, and based upon probable cause and/or reasonable suspicion.

7. There existed no conduct by Defendants that was driven by evil motive or intent, nor conduct that was reckless or callously indifferent to Plaintiff's constitutional rights, thereby precluding recovery of punitive or exemplary damages.

8. Defendants are not liable to Plaintiff for punitive damages pursuant to A.R.S. § 12-820.04.

9. At all times set forth in the SAC, Defendants' actions were objectively reasonable under the totality of the circumstances then existing.

10. Plaintiff was solely or comparatively at fault for the injuries and damages alleged in the SAC, thereby barring or reducing any recovery herein by way of comparative negligence. This fault includes, but is not limited to, Plaintiff's attempts to pull away from Officer Gillespie and otherwise resist arrest in a busy parking lot.

11. The actions or inactions alleged on the part of Defendants were not the proximate cause of any injuries, losses, and/or damages to Plaintiff, thereby barring recovery herein or reducing Plaintiff's recovery in proportion to the fault assessed against Plaintiff and/or any third parties who may be all or partially at fault.

12. Plaintiff's alleged injuries, if any, were proximately caused by an independent intervening/superseding cause for which Defendants are not liable.

3110849

13. Plaintiff's injuries, if any, were caused by a third party over whom Defendants had no control.

14. Plaintiff's injuries, losses, and damages, if any, were the result of the negligence or intentional act of someone other than Defendants, thereby reducing or eliminating any damages owed by Defendants.

15. Plaintiff may have failed to mitigate her damages, thus barring or reducing the recovery against Defendants.

16. Plaintiff's claimed injuries are the result of a pre-existing condition(s), thereby eliminating any damages owed by Defendants.

17. Plaintiff assumed the risk of injury, and was negligent per se, by knowingly remaining unlawfully in or on the Circle K property after being asked to leave. *See* A.R.S. § 13-1503(A).

18. Plaintiff assumed the risk of injury, and was negligent per se, by intentionally attempting to prevent Officer Gillespie, who Plaintiff knew to be a peace officer acting under color of his authority as such, from effecting her arrest by using or threatening to use physical force, using any other means to create substantial risk of causing physical injury, and/or passive resistance. *See* A.R.S. § 13-2508(A).

19. Plaintiff assumed the risk of injury, and was negligent per se, by contacting or communicating with Circle K customers by verbal means in a manner that harasses and with intent to harass or knowledge that she was harassing such persons. *See* A.R.S. § 13-2921(A).

20. Plaintiff assumed the risk of injury, and was negligent per se, by failing or refusing to state her true full name on request of Officer Gillespie, a peace officer who had lawfully detained her based on reasonable suspicion that she had committed a crime. *See* A.R.S. § 13-2412.

21. Under the circumstances, Officer Gillespie had probable cause to arrest Plaintiff for violation of A.R.S. § 13-1502(A) (third-degree trespass); A.R.S. § 13-1503(A) (second-degree trespass); A.R.S. § 13-2508(A) (resisting arrest); A.R.S. § 13-

3110849

2921(A) (harassment); and/or A.R.S. § 13-2412(A) (refusing to provide truthful name when lawfully detained).

22. Plaintiff is currently being prosecuted for violation of A.R.S. § 13-1502(A) (third-degree trespass). To the extent she is convicted, Plaintiff's unlawful seizure claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

23. Officer Gillespie's use of force in effecting Plaintiff's arrest was justifiable and not criminal or wrongful pursuant to A.R.S. § 13-403(4).

24. Plaintiff's use of physical force in resisting arrest was not justified pursuant to A.R.S. § 13-404(B).

25. Officer Gillespie's use of force in effecting Plaintiff's arrest was justified pursuant to A.R.S. § 13-409.

26. Defendants are not liable for Plaintiff's injuries pursuant to A.R.S. § 12-711.

27. Defendants are not liable for Plaintiff's injuries pursuant to A.R.S. § 12-712(B).

28. Plaintiffs may not assert a simple negligence claim against Defendant under *Landeros v. City of Tucson*, 171 Ariz. 474 (App. 1992), as Defendants are entitled to qualified immunity for arrest-related activities pursuant to A.R.S. § 12-820.02(A)(1), which requires a showing of gross negligence or intent to cause injury to Plaintiff.

29. Neither Defendants' actions nor inactions violated Plaintiff's constitutional rights or Plaintiff's rights under federal or state law.

30. Plaintiff cannot establish the requisite showing of subjective intent necessary to sustain a cause of action alleging a constitutional violation, thereby warranting dismissal of this lawsuit.

31. Defendants put Plaintiff on notice that further affirmative defenses may be added in an amended answer after discovery. These defenses may include any defense set forth in Rule 8(d) and/or Rule 12(b) of the Federal Rules of Civil Procedure or as otherwise allowed by law.

32. Defendants demand a jury trial.

3110849

WHEREFORE, Defendants respectfully request that:

A. Plaintiff's Second Amended Complaint be dismissed with prejudice, and that Plaintiff take nothing therein;

B. Defendants be awarded their costs, expenses, and attorney fees pursuant to A.R.S. § 13-420 and 42 U.S.C. § 1988; and

C. Defendants be awarded such other and further relief as this Court deems just and equitable.

DATED this 4th day of December 2015.

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Jacob B. Lee
    Kathleen L. Wieneke
    Jacob B. Lee
    Struck Wieneke & Love, P.L.C.
    3100 West Ray Road, Suite 300
    Chandler, Arizona  85226
    Attorneys for Defendants
    City of Phoenix and Officer Jason Gillespie

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jocquese L. Blackwell
BLACKWELL LAW OFFICE
111 West Monroe St., Suite 1216
Phoenix, AZ 85003
Attorney for Plaintiff

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is **not** a registered participant of the CM/ECF System:

N/A

/s/ Jacob B. Lee

3110849